

## NUMBERS
## 13-13-00457-CR
## 13-13-00458-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**JONATHAN RIVERA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 94th District Court
### of Nueces County, Texas.

### MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Jonathan Rivera, pleaded guilty to the offenses of felony family violence assault, a third-degree felony, committed on November 9, 2008 (appellate cause number 13-13-00458-CR) and of felony family violence assault, a third-degree felony, committed on January 22, 2009 (appellate cause number 13-13-00457-CR). In both cause numbers, the trial court deferred adjudication and placed appellant on community supervision for seven years.

In both cause numbers, the State filed a motion to revoke alleging that appellant had violated the terms of his community supervision by committing a new criminal offense while on probation. Appellant pleaded true to committing a new offense of assault causing bodily injury to a family member and receiving an eight-year prison term. After hearing evidence, the trial court found that appellant violated the terms of his community supervision, revoked appellant's community supervision, and found him guilty of the offenses. In each case, the trial court assessed a punishment of two years' confinement to run concurrently with each other and to run concurrently with appellant's other prison term. Appellant's appellate counsel, concluding that the appeal in this cause is frivolous, filed an *Anders* brief, in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's appellate counsel has filed a motion to withdraw in each appellate cause number and a brief with this Court stating that he was unable to find any "arguable issues to bring forward for review." Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgments. Counsel specifically noted that he

reviewed the following: (1) the sufficiency of the indictment; (2) compliance with the Texas Code of Criminal Procedure; (3) appellant's competency; (4) the voluntariness of appellant's plea; (5) the legality of appellant's sentence; (6) the sufficiency of the evidence; (7) trial counsel's representation; and (8) the accuracy of the written judgments "as to sentence and proper application of credit." Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to advance on appeal, (2) serving a copy of the brief and motion to withdraw as counsel on appellant, and (3) informing appellant of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response.[2] *See In re Schulman*, 252 S.W.3d at 409.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief; however, we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[2] On February 26, 2014, we ordered the trial court to provide a copy of the record to appellant, and we granted appellant's motion for extension of time to file his pro se response. Appellant's reply response was due on May 16, 2014. However, appellant did not file his response by that date.

3

of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgments of the trial court.

### III.    MOTIONS TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel in both appellate causes.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motions to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgments to appellant and advise him of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

/s/ *Rogelio Valdez*
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
5th day of June, 2014.

---

[3] No substitute counsel will be appointed.  Should appellant wish to seek further review of either case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review in each cause.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* R. 68.4.

4